IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

      Plaintiff,

 v.                                                                             No. CV 09-1124 BB/WPL

OFFICE OF THE DISTRICT ATTORNEY
FOR THE SECOND JUDICIAL DISTRICT,
DISTRICT ATTORNEY KARI BRANDENBURG,
FOR EQUITABLE RELIEF, DEPUTY DISTRICT
ATTORNEY ROBIN S. HAMMER, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, DEPUTY DISTRICT
ATTORNEY MARK L. DEBRING, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, CITY OF ALBUQUERQUE
POLICE DEPARTMENT, DETECTIVE MARIGRACE
BARRERAS #2924, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES, DETECTIVE CHADWICK J. MELVIN #3091,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
DETECTIVE CARLA PEREZ #3096, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, SGT. KEVIN ROWE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive

the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss certain of Plaintiff's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was arrested, prosecuted, and convicted in state court on a 35-count "financial indictment." Plaintiff's appeal remains pending. He asserts claims of prosecutorial misconduct and double jeopardy, and he alleges that, during and after the arrest, authorities seized many items of his personal property. These items were subsequently forfeited, allegedly without due process, or lost, and no accounting of proceeds has been provided. Plaintiff contends that Defendants' actions constituted unreasonable seizure and violated his due process and equal protection rights.

No relief is available on Plaintiff's claims of prosecutorial misconduct and double jeopardy. These claims, based on the actions of prosecutors in the state criminal proceeding, appear to call into

question the constitutionality of the criminal conviction by which Plaintiff is incarcerated. The claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The complaint does not allege that Plaintiff's conviction has been set aside, *see id.* at 486-87, and his assertions of misconduct and double jeopardy fail to state claims cognizable under § 1983. *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001) (noting that filing of complaint before final resolution of state criminal proceedings "is immaterial" to *Heck* rule); *and see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss these claims.

Plaintiff concedes that the property items were seized pursuant to warrants issued under a state racketeering statute. Plaintiff's allegations, therefore, do not state claims against the individual officers for unreasonable seizures under the Fourth Amendment. *Cf, e.g.*, *Soldal v. Cook County*, 506 U.S. 56, 66 (1992) (comparing warranted and warrantless seizures); *and see Williamson v. Bernalillo County Sheriff's Dept.*, No. 97-2038, 1997 WL 575812, at **1 ("[T]he Fourth Amendment determines whether the sheriff's deputies were substantively authorized to seize plaintiffs' truck, while the Due Process Clause independently prescribes plaintiffs' attendant procedural rights."). Plaintiff appears to assert that his due process rights were violated when the Albuquerque Police Department took custody of and forfeited his property.

A municipal police department, of course, is not a proper defendant ("person") and cannot be held separately liable in an action under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity),

*vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities."), *aff'd*, No. 92-1134, 1993 WL 33875 (10th Cir. Feb. 11, 1993). For purposes of this order, therefore, Plaintiff's pro se claims of due process violations against Defendant Albuquerque Police Department will be construed as directed at the city itself.

Last, no relief is available on Plaintiff's equal protection claim. Plaintiff does not allege some form of disparate treatment, that is, that similarly situated individuals are treated differently. *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). Nor does Plaintiff allege any discriminatory treatment originating in impermissible class discrimination, *see Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991), and thus the complaint fails to present a basic element of an equal protection claim. This claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. 4) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims of double jeopardy and prosecutorial misconduct are DISMISSED without prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims of unreasonable seizures and equal protection violations are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Office of the District Attorney, Brandenburg, Hammer, Debring, Barreras, Melvin, Perez, and Rowe are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to substitute the City of Albuquerque for the named Defendant Albuquerque Police Department, and to issue summons, with a copy of the complaint, for Defendant City of Albuquerque on Plaintiff's due process claims.

_____
UNITED STATES DISTRICT JUDGE